UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ABONILICO LAMAR CARROLL,
Plaintiff,

vs.

TODD GLORIA, SEAN ELO-RIVERA, MONICA MONTGOMERY STEPPE, JENNIFER CAMPBELL, STEPHEN WITHBURN, MARNI VON WILPERT, RAUL CAMPILLO, KENT LEE, JOE LACAVA, VIVIAN MORENO, DAVID NISLEIT, UNKOWN SDPD OFFICERS/DETECTIVES, MEMBERS OF SAN DIEGO VICTIM COMPENSATION BD., CITY OF SAN DIEGO, WILLIE HENDERSON PARK,

Defendants.

Case No.: 3:26-cv-4859-BTM-LR

**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND FOR FAILURE TO PROPERLY MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**

Plaintiff Abonilico Lamar Carroll, currently detained at the San Diego Central Jail and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) As discussed below, the action is dismissed without prejudice.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

All parties filing a civil case in a district court of the United States, except an

application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016), and regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiffs seeking to proceed without full prepayment of fees must submit an affidavit that includes a statement of assets and which demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). In support of this affidavit, plaintiffs must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

Here, Plaintiff did not pay the filing fee required to commence a civil action when he filed his Complaint. Plaintiff also did not file a Motion to Proceed IFP, which includes *both* the affidavit required by 28 U.S.C. § 1915(a)(1) *and* the certified copy of his trust account statement required by 28 U.S.C. § 1915(a)(2). While Plaintiff has provided a copy of his trust account statement (*see* ECF No. 2), this statement is insufficient unless accompanied by an IFP motion and affidavit submitted by Plaintiff. *See* 28 U.S.C. § 1915(a).

Therefore, unless Plaintiff either pays the filing fee upfront or files a properly supported Motion to Proceed IFP that includes an affidavit that meets the requirements set out in 28 U.S.C. § 1915(a)(1), his case cannot proceed.[1] *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051.

---

[1] Plaintiff need not file another trust account statement. *See* 28 U.S.C. § 1915(a)(2).

**CONCLUSION AND ORDER**

Accordingly, the Court:

(1) **DISMISSES** this action without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a), and his failure to properly move to proceed IFP pursuant to 28 U.S.C. § 1915(a).

(2) **GRANTS** Plaintiff **forty-five (45) days** leave from the date of this Order to re-open his case by: (a) prepaying the entire $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in full; *or* (b) filing a Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed IFP that complies with 28 U.S.C. § 1915(a)(1), (2) and S.D. Cal. CivLR 3.2.b.

(3) **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved form "Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed IFP." Should Plaintiff neither pay the $405 filing fee in full nor file the attached Motion and Declaration to Proceed IFP by **November 19, 2026**, the Court will direct the Clerk of the Court to enter final judgment of dismissal.

**IT IS SO ORDERED.**

Dated: October 5, 2026

Honorable Barry Ted Moskowitz
United States District Judge